ARTHUR LAMBERT, Respondent, *v.* WESTCHESTER ELECTRIC
RAILROAD COMPANY, Appellant.

1. STREET SURFACE RAILROADS — LOCATION OF TROLLEY POLES IN
PUBLIC STREET — RIGHTS AND DUTIES OF COMPANY IN LOCATING SAME.
Where a street railroad company is authorized by a municipality to locate
and erect trolley poles, such poles are not a nuisance *per se,* but such a
permission does not and could not authorize the railroad company to so
locate its trolley poles that they unduly and unnecessarily interfere with
the use of the streets by the public, or with the use of proper ways of
ingress and egress to and from the street by abutting owners.

2. SAME — NEGLIGENCE — WHEN QUESTION OF NEGLIGENCE OF COM-
PANY IN LOCATING POLE AT WHICH COLLISION OCCURRED IS QUESTION
OF FACT FOR JURY.   The facts examined in an action brought against a
street railway company by a fireman who was injured by a collision with a
trolley pole while climbing into a fire patrol wagon, by means of a step on
the side thereof, for the purpose of going to a fire, as the wagon was turning
from the driveway of the fire patrol house into the street, such pole being
just back of the street curb line and less than a foot away from the edge
of the opening cut through the curb for the driveway, although several
feet from the paved part of the driveway, and *held,* that it was error for
the trial court to hold, as matter of law, that the defendant was not guilty
of any negligence in locating the pole as it did, and that the plaintiff was
guilty of contributory negligence in endeavoring to get into the wagon
as he did, and to dismiss the complaint upon such grounds, since both of
these questions were questions of fact for the jury to determine.

*Lambert* v. *Westchester El. R. R. Co.,* 115 App. Div. 78, affirmed.

(Submitted January 31, 1908; decided February 25, 1908.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
October 12, 1906, which reversed a judgment in favor of
defendant entered upon a dismissal of the complaint by the

court at a Trial Term and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Bayard H. Ames, Walter Henry Wood* and *Henry A. Robinson* for appellant. The pole was not a nuisance or a wrongful obstruction of the driveway. (*People* v. *M. T. Co.*, 31 Hun, 596; *City of Rochester* v. *B. T. Co.*, 52 App. Div. 6; *Ward* v. *A. & P. T. Co.*, 71 N. Y. 81; *Sheffield* v. *C. U. T. Co.*, 36 Fed. Rep. 164; *Comm.* v. *City of Boston*, 97 Mass. 555; *Hunt* v. *Mayor, etc.*, 141 N. Y. 134.) The pole was not negligently placed or maintained. (*Gordon* v. *Vil. of Carthage*, 36 N. Y. S. R. 308; *Palmer* v. *L. E. R. Co.*, 6 App. Div. 12; *Bond* v. *Smith*, 113 N. Y. 378; *Hulse* v. *Town of Goshen*, 71 App. Div. 438; *Hubbell* v. *City of Yonkers*, 104 N. Y. 439; *Van Wie* v. *City of Mount Vernon*, 26 App. Div. 332; *Robert* v. *Powell*, 168 N. Y. 411; *Dubois* v. *City of Kingston*, 102 N. Y. 219; *Wooley* v. *G. S. & N. R. R. Co.*, 83 N. Y. 128.) The sole proximate cause of the accident, in addition to plaintiff's conduct, was the act of the driver of the fire patrol wagon in driving so as to bring the side of the wagon near the pole when he should have known firemen were probably climbing aboard. (*Powell* v. *N. O. T.-H. E. L. Co.*, 104 N. W. Rep. 162.)

*Sydney A. Syme* for respondent. Defendant was bound to maintain its trolley poles in such position as to avoid injury to persons using the street, whether on foot or in vehicles, and could not leave dangerous obstructions in the street. (27 Am. & Eng. Ency. of Law [2d ed.], 93; *Cleveland* v. *B. S. R. Co.*, 86 Me. 232; *Sheldon* v. *W. U. T. Co.*, 51 Hun, 591; 121 N. Y. 697; *Ward* v. *A. & P. T. Co.*, 71 N. Y. 81.) The question of defendant's negligence in maintaining the pole in a dangerous position should have been submitted to the jury as a question of fact. (*Fisher* v. *City of Mount Vernon*, 41 App. Div. 293; *Arey* v. *City of Newton*,

148 Mass. 598; *Cleveland* v. *N. J. S. B. Co.*, 125 N. Y. 299; *Murphy* v. *Vil. of Seneca Falls*, 57 App. Div. 438.) The question of plaintiff's contributory negligence should have been submitted to the jury. (*Geary* v. *M. S. Ry. Co.*, 84 App. Div. 514; 177 N. Y. 535; *Galligan* v. *M. S. Ry. Co.*, 33 Misc. Rep. 87; *Bailey* v. *Jordan*, 18 App. Div. 387; *McCormack* v. *N. El. R. R. Co.*, 16 App. Div. 24; *Weed* v. *Vil. of Ballston Spa*, 76 N. Y. 329; *Embler* v. *Town of Wallkill*, 132 N. Y. 222; *Hoag* v. *N. Y. C. & H. R. R. R. Co.*, 111 N. Y. 199; *Mapes* v. *U. R. Co.*, 56 App. Div. 508; *Waldron* v. *Fargo*, 170 N. Y. 130; *Higgins* v. *Eagleton*, 155 N. Y. 466; *St. John* v. *N. Y. C. & H. R. R. R. Co.*, 165 N. Y. 241.)

HISCOCK, J.    This action was brought to recover damages for personal injuries sustained by the plaintiff through being struck by one of defendant's trolley poles situate on the side of Fifth avenue in the city of Mount Vernon as he was getting into a fire patrol wagon in the line of his duty for the purpose of going to a fire.

The substantial facts are as follows:

Plaintiff was a member of the volunteer fire department of said city.    At the northwest corner of Fifth avenue and Third street therein was located a large brick building containing three separate fire houses or apartments, each with a separate entrance on Fifth avenue.    This accident happened in connection with a driveway leading from the fire patrol house, which was the most northerly of the three.    This driveway was about 16½ feet long from the door to the curb.    It was paved in the center for a width of 9 feet 7½ inches, but the surface adjacent to this pavement on the side towards the trolley pole hereinafter to be described was level although not paved, and the street curb was cut down for purposes of ingress and egress for a space considerably wider than the paved portion.    Originally there had been what is described as a lattice work pole situate 4 feet 8¾ inches southerly from the southerly edge of the paved way and inside the street curb.

Thereafter and before the accident a new pole was erected in the place of this original one which came ten inches nearer to the edge of the paved way. But while this pole was thus in the neighborhood of four feet from the paved way it was less than a foot distant from the nearest line of the curb as it was cut down in connection with the driveway as before stated. That is, a line drawn across the nearest edge of the curb as cut down and at right angles to the street would pass within less than a foot from this pole, and the space between this line and the paved driveway was level and open and could be used for the passage of fire apparatus.

The accident happened in the evening in October. The plaintiff, as he was entitled to do, sought to get into the patrol wagon as it started for the fire. There were steps on the side of the wagon, which was between five and six feet in width, and he was attempting to enter by this way while it was in motion, being delayed somewhat by the fact that another fireman was on the steps ahead of him. As the driver turned into the street toward the pole the wagon came so close to the latter that plaintiff was struck.

The patrol wagon before this had collided with the original pole, which it will be remembered was further away from the driveway than the one standing at the time of the accident, and the defendant had received notice of the danger of collision between the wagon and the pole. Subsequent to the accident the pole was removed to some point on the other side of the driveway. It is proper to be added that as it stood at the time of the accident it was about midway between the driveway on which plaintiff was injured and the one leading to the adjoining fire house.

The trial court held as matter of law that the defendant was not guilty of any negligence in locating the pole as it did and that the plaintiff was guilty of contributory negligence in endeavoring to get into the wagon as he did. The Appellate Division, on the contrary, held that both of these questions were for the jury and we think that the latter decision was the correct one.

In the first place, counsel for appellant makes an argument for exemption of his client as matter of law from liability which seems to be based on the idea that this pole was subject to special considerations; that it was one of those structures necessarily located in the street and as long as it was not actually in the traveled portion of the street or in the driveway leading to the street there should be no liability for negligence, even though the collision did occur. Support for this argument is sought in a series of cases in which it has been held that the stepping stone or the hitching post or the hydrant or the tree under consideration in the particular case then being decided was not such a negligent structure as to carry liability in favor of one who had come in collision therewith.

We do not think that these cases establish any peculiar principles applicable to the decision of this case. In each one of the cases referred to it was held that the object under discussion was properly in the street and not a nuisance and that under the particular conditions which surrounded its location such location was proper and not negligent. We do not understand that any one of these cases decided the principle that a tree or a hydrant or a stepping stone might not be so located as to furnish the basis for an action in favor of one injured thereby.

In this case the defendant was authorized by the municipality to locate its trolley poles, and, therefore, they were not nuisances. But this permission did not and could not authorize the defendant to so locate its trolley poles that they would unduly and unnecessarily interfere with the use of the streets by the public, or with the use of proper ways of ingress and egress to and from the street by abutting owners. Therefore, in our judgment, the ordinary question is presented whether the defendant did unlawfully and negligently locate its pole in such position, with reference to the driveway in question, that in the use to be expected of the latter, a collision reasonably might be apprehended. We think that the evidence upon this subject made that question one of fact for

the jury, and that it cannot be said as matter of law that the defendant was not at fault.

Appellant's argument upon this branch of the case that there was no excuse whatever for the collision might apply under some circumstances. If a person were injured by a collision with the pole by a wagon which was being driven under circumstances which permitted deliberation and accuracy of movement, it very well might be said that the accident was not one which reasonably should be apprehended. But that is not this case. A piece of fire apparatus going to a fire is not only permitted, but expected, to go rapidly, and especially as the horses first come out of the barn it should be anticipated that they would not be under perfect control or in a regular gait, or that in making a right angle turn from the driveway into the street towards the pole, as was being done on this occasion, mathematical accuracy could be observed in keeping the apparatus in the center of the driveway. We do not think that it can be said as matter of law that the driver of the wagon, assuming that his conduct was imputable to the plaintiff, was guilty of negligence because he got off the paved way on to the adjoining surface as he did, thereby coming near enough to the pole to permit the plaintiff's injuries. We think that all of this might have been reasonably anticipated by the defendant in view of what had taken place before, or, at least, that a jury would be entitled to say that it might be so anticipated and that it was negligence for the defendant to leave its pole where it was.

We think clearly that plaintiff could not be said to be guilty of contributory negligence as matter of law. We really do not see how he could have been expected to do much differently than he did.

We think that the order of reversal was proper and that judgment absolute must be rendered against the defendant on its stipulation, with costs in all courts.

Cullen, Ch. J., Haight, Vann, Willard Bartlett and Chase, JJ., concur; Gray, J., absent.

Ordered accordingly.