GRANT FLUKER, by EDWARD FLUKER, His Guardian ad Litem,
Respondent, *v.* ZIEGELE BREWING COMPANY. Appellant.

Negligence — injury caused by obstruction of street by occupant
of property abutting thereon — violation of city ordinance for-
bidding such obstruction not alone sufficient to establish lia-
bility of person permitting obstruction — erroneous charge.

The violation of a city ordinance does not subject the wrongdoer to a civil
liability for damages; but its disregard is something which, in connec-
tion with other facts, furnishes some evidence for the consideration of a
a jury in passing upon the question of the liability of a defendant.

Defendant during the day piled up beer kegs in an areaway occupied by
it so that the pile extended some distance into an alley, on the opposite
side of which were dwellings, and allowed the kegs to remain there
through the evening and night. Plaintiff, while at play in the evening,
struck one of the kegs and caused two to fall upon him, breaking his
arm. Plaintiff relied on an ordinance of the city of Buffalo which
prohibited any person from using "any part of a public street or alley
or any public grounds for the deposit of any building, paving or sewer
materials, or any other materials, except for the immediate transfer
of the same to the premises fronting on the portion of said street
so occupied," or from allowing the same to remain thereon "longer
than sundown of the same day, under penalty of not less than ten
dollars nor more than fifty dollars." *Held*, that the jury should have
been instructed that the violation of such city ordinance in and
of itself is not sufficient to make out negligence against the defend-
ant. It is a circumstance to be taken into account in connection
with the manner in which the kegs were piled in the alley and to be
considered as a circumstance bearing on the question of negligence on
the part of the defendant; and it was error to withdraw such an instruc-
tion, and to charge "that in piling the barrels in the street it (the defend-
ant) violated a duty which it owed to the public, including this boy."
*Fluker* v. *Ziegele Brewing Co.*, 136 App. Div. 945, reversed.

(Argued January 24, 1911; decided February 7, 1911.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
February 7, 1910, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Alfred L. Becker* and *Hugh E. Rourke* for appellant. There was reversible error in the charge to the jury as to the effect of the city ordinance. The technical violation of the ordinance was not a proximate cause of the accident. (*Koester* v. *R. C. Works*, 194 N. Y. 92; *Marino* v. *Lehmaier*, 173 N. Y. 530; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 522; *Knupfle* v. *K. Ice Co.*, 84 N. Y. 488; *Willy* v. *Mulledy*, 78 N. Y. 310; *Donnelly* v. *City of Rochester*, 166 N. Y. 315.)

*Charles M. Harrington* for respondent. The request to charge complained of by appellant was properly allowed by the trial court. (*Knupfle* v. *K. Ice Co.*, 84 N. Y. 488; *Donnelly* v. *City of Rochester*, 166 N. Y. 315; *Lee* v. *S. S. M. Co.*, 115 App. Div. 589.)

GRAY, J. The plaintiff brought this action to recover damages for personal injuries sustained by him under circumstances to be stated. As the complaint was originally framed, the defendant was charged with maintaining a nuisance, in the way in which it piled up beer kegs, partly, upon its premises and, partly, in the adjoining public alleyway. Upon the trial, however, the court permitted the complaint to be amended, so as to charge the defendant with negligence and the case was submitted to the jury upon that theory, only. The plaintiff recovered a verdict and the judgment thereupon entered was affirmed at the Appellate Division, by a divided vote of the justices.

The defendant occupied with its brewery one side of an alley of fifteen feet in width, which ran between two streets in the city of Buffalo and was used as a public thoroughfare. It had no sidewalks and on the brewery side was a recess, called an areaway, some eighty feet in length and of a depth of some twenty-five feet. The side opposite to the brewery was occupied by dwellings; in one of which the plaintiff, a boy of nine and a half years of age, at the time of the accident, resided with his parents. It had been the custom of the defendant to pile up empty beer kegs in this areaway.

That had been done early in the afternoon of the day in question and the pile of kegs was suffered to remain through the evening and night. As piled up, they extended some distance into the alley. The kegs weighed, each, ninety pounds and were stacked three high; either in pyramidal form, or vertically, one upon the other; the evidence varying in that respect. In the evening, when not yet dark, the plaintiff was playing with two other boys a game of "Tag;" in which they would chase each other about, or around, the pile of kegs. The plaintiff happened to strike one of the kegs, on a corner of the pile, and caused two to fall upon him. He was knocked down and his arm was broken. The evidence permitted the jurors to infer, either, that the kegs were negligently piled upon each other, or that they were piled safely in the ordinary form of a pyramid. The plaintiff, also, relied upon an ordinance of the city of Buffalo; which prohibited any persons from using "any part of a public street, or alley, or any public grounds for the deposit of any building, paving, or sewer materials, or any other materials, except for the immediate transfer of the same to the premises fronting on the portion of said street so occupied;" or from allowing the same to remain thereon "longer than sundown of the same day, under penalty of not less than ten dollars or more than fifty dollars." The ordinance authorized the superintendent of streets to permit substances to be deposited by the property owner, under certain conditions. The defendant does not claim, in this case, that it had procured any such permit to use the alley. The trial judge instructed the jurors, fairly, with respect to the inquiry as to the negligence of the defendant and, as well, as to the contributory negligence of the plaintiff. After adverting to the facts, he put the question of the defendant's negligence in this way: "Would an ordinarily prudent person be impressed that the plaintiff would be liable to play about there and the kegs be liable to tumble on him and he receive an injury? * * * The theory of the plaintiff is that any prudent person would be impressed that it was dangerous and therefore negligent to leave those kegs

piled as here disclosed." When referring to the municipal ordinance, he assumed that the evidence warranted the finding that the defendant had violated it, in piling its kegs in the street without obtaining permission ; but, with respect to such a violation, he instructed them as follows : " That, in and of itself, is not sufficient to make out negligence against the defendant in this case. It is a circumstance to be taken into account in connection with the manner in which the kegs were piled in the alley and to be considered as a circumstance bearing on the question of negligence on the part of the defendant." At the conclusion of the charge, the plaintiff excepted to the portion of it, which has just been quoted, and, then, requested the court to charge "that in piling the barrels in the street it, (the defendant), violated a duty which it owed to the public, including this boy." Thereupon the court made this ruling : " I withdraw my charge and charge as requested and give the other side an exception." In this there was grave error; for the commission of which the judgment should be reversed and a new trial should be had. The theory of the plaintiff's case, as it went to the jury, was that the defendant's servants had been negligent in piling up the kegs and in leaving them to stand partly in the public street, for that length of time. The jurors had been carefully instructed, upon the question of the defendant's negligence, that they must find on its part the omission of some duty owing to the plaintiff, and that the violation of the municipal ordinance, though not of itself sufficient to create a liability, was a circumstance to be taken into account. This was a correct instruction. The violation of the ordinance did not subject the wrongdoer to a civil liability for damages; but its disregard was something, which, in connection with the other facts of the case, furnished some evidence for the consideration of the jury in passing upon the question of the liability of the defendant. That is to say : were the kegs negligently deposited and allowed unduly to remain in a public street, where persons, rightfully there, might, innocently on their part, be exposed to injury?

The facts bearing upon their handling and the place where deposited, all, entered into the question; no one being conclusive, however strongly evidential it might be. The case of *Knupfle* v. *Knickerbocker Ice Co.*, (84 N. Y. 488), was one, where a violation of a municipal ordinance, in leaving a horse attached to a vehicle in a street unattended, or unsecured, was charged by the trial court to be "necessarily negligence." The action was for negligently causing death and the plaintiff's judgment was reversed by this court, upon the ground that the judge went too far in holding that the "violation of the ordinance was negligence of itself." The rule was there stated, as the result of the decisions, that such a violation "is some evidence of negligence, but not necessarily negligence." · The authority of that case has been repeatedly recognized. The rule itself had been previously asserted in *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, (63 N. Y. 522). (See *McRickard* v. *Flint*, 114 N. Y. 222, 226, and *Donnelly* v. *City of Rochester*, 166 ib. 315–319.)

The trial judge, in withdrawing his charge upon the effect of a violation of the municipal ordinance, and in charging as requested by the plaintiff, left the jurors with an erroneous impression, which must have well nigh, if not quite, foreclosed the defendant's chances of a favorable consideration. This final instruction to the jurors was tantamount to the judge's saying to them that he had been wrong in instructing them that the violation of the ordinance was not sufficient to make out negligence. In what condition of mind could the jurors have left the courtroom? Plainly, that they were instructed, as the law of the case, that the defendant's violation of the ordinance was the violation of a duty owing to the plaintiff and was conclusive evidence of negligence.

For these reasons, I advise that the judgment appealed from be reversed and that a new trial be ordered; with costs to abide the event.

CULLEN, Ch. J., HAIGHT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; VANN, J., absent.

Judgment reversed, etc.