JOHN GIMINSKI, Appellant, *v.* FRANCIS IRVING, Respondent.

Fourth Department, October 1, 1924.

Motor vehicles — action for injuries arising out of collision — accident occurred more than one hour after sundown — error to refuse to charge that failure of defendant to have lights on automobile establishes prima facie case of negligence.

In an action to recover damages for injuries suffered in a collision with defendant's automobile which occurred more than one hour after sundown, it was error for the court to refuse to charge that the defendant's failure to have lights on his automobile establishes a *prima facie* case of negligence.

APPEAL by the plaintiff, John Giminski, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 17th day of January, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of February, 1924, denying plaintiff's motion for a new trial made upon the minutes.

*Daniel T. Scully* [*W. B. Matterson* of counsel], for the appellant.

*Bond, Schoeneck & King* [*Clarence R. King* of counsel], for the respondent.

PER CURIAM:

The accident happened on May 5, 1922, at about eleven P. M. The refusal of the trial court to charge that " failure to have a light on the defendant's car establishes a *prima facie* case of negligence " was error. (*Martin* v. *Herzog*, 228 N. Y. 164.)

In the main charge the court said: " The mere fact that there wasn't any light on that motor vehicle does not necessarily make the defendant guilty of negligence, but it is an element to be taken

into consideration as to whether or not he was guilty of negligence; it is only negligent provided that it was the proximate cause of the accident. If the fact that the motor vehicle did not have a light on it was the cause of the accident, then you can say that the failure to have a light on the automobile was negligence."

The learned court of course had in mind actionable negligence as distinguished from abstract negligence. As far as it went, the charge was correct. But there was here, just as there was in the *Herzog* case, undisputed evidence of a collision with an unseen and unlighted vehicle, occurring more than an hour after sundown. That " is evidence from which a causal connection may be inferred between the collision and the lack of signals." (*Martin* v. *Herzog supra,* 170.)

Thus there was a *prima facie* case of negligence made out, sufficient in itself to sustain a verdict unless its probative force was overcome by evidence offered on behalf of defendant. The requested charge was directed to that point, which, in our opinion, was not covered in the main charge. The weight which the jury was bound to give to the violation of the statute was not made clear. The judgment and order should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.