BESSIE DODICAN, as Administratrix, etc., of GRACE DODICAN, Deceased, Appellant, v. BURNS LYMAN SMITH, Respondent.

Fourth Department, June 28, 1927.

Negligence — contributory negligence — intestate while swimming in St. Lawrence river within village limits of Alexandria Bay, was run down by defendant's motor boat — village ordinance forbade bathing in river within village limits — violation of ordinance evidence of contributory negligence — error to charge that violation constituted negligence as matter of law.

This is an action to recover for the death of plaintiff's intestate who was run down and killed by a motor boat operated by one of defendant's employees while intestate was swimming in the St. Lawrence river within the limits of the village of Alexandria Bay. An ordinance of the village made it unlawful for any person to swim in the St. Lawrence river at the place where the plaintiff's intestate was killed. It was error for the court to charge that the plaintiff's intestate was guilty of contributory negligence, as a matter of law, on the ground that she was, at the time of the accident, violating a village ordinance. The violation of a village ordinance is *prima facie* evidence of negligence, but is not negligence, as a matter of law.

APPEAL by the plaintiff, Bessie Dodican, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Jefferson on the 10th day of August, 1925, upon the decision of the court rendered upon a special verdict of the jury, and also from an order entered in said clerk's office on the 15th day of August, 1925, denying plaintiff's motion for a new trial made upon the minutes.

*George W. Reeves,* for the appellant.

*Edmund H. Lewis,* for the respondent.

SEARS, J. The plaintiff's intestate, while swimming in one of the channels of the St. Lawrence river in the Thousand Islands, was run down and killed by a motorboat operated by defendant's employee. The jury, by a special finding, has determined that the negligence of the defendant's servant caused the accident. The jury has also found that the negligence of the plaintiff's intestate was a contributing cause of her death.

The question for determination upon this appeal relates to the charge of the learned trial court. The place where the accident occurred was within the boundaries of the village of Alexandria Bay. The defendant introduced in evidence an ordinance of the village prohibiting bathing in that part of the river where the plaintiff's intestate was struck and killed. The charge of the court was as follows:

" There was an ordinance of the village of Alexandria Bay which made it unlawful for any person to swim in the particular place where this accident happened. It goes without saying that if this law had not been violated this accident never would have happened; if the plaintiff's intestate had not violated that ordinance of the village she would not have been in the water at this place at this time and consequently could not have been struck by the motor boat.

" * * * The authorities of the village of Alexandria Bay apparently recognizing that that was the place in the village where navigation was most frequent and where it would be expected that the boats would be plying back and forth, determined that for the safety of the public they should not be permitted to bathe in those portions of the stream. So this ordinance was passed making it unlawful so to do and I charge you that it is *prima facie* evidence of negligence, if any person violated the ordinance and injury occurred, it is *prima facie* evidence of negligence. In passing on that subject in this case I desire to read to you what the Court of Appeals has said as to the effect of such violation. This was a case where it was a violation of the statute in regard to the operation of a motor vehicle and it is applicable to the same question involved here: ' In the case at hand we have an instance of the admitted violation of a statute intended for the protection of travelers on the highway, of whom the defendant at the time was one. Yet the jurors were instructed in effect that they were at liberty in their discretion to treat the omission of lights either as innocent or as culpable. They were allowed to consider the default as lightly or gravely as they would. They might as well have been told that they could use a like discretion in holding a master at fault for the omission of a safety appliance prescribed by positive law for the protection of a workman. Jurors have no dispensing power by which they may relax the duty that one traveler on the highway owes under the statute to another. It is error to tell them that they have. The omission of these lights is a wrong, and being wholly unexcused was also a negligent wrong. No license should have been conceded to the triers of the facts to find it anything else.' So you must consider this ordinance of the village of Alexandria Bay as the law binding upon the plaintiff's

intestate and you have no right under the oath that you have taken to attempt to set aside that law or any other law."

Taken as a whole, these instructions could only be understood to mean that the plaintiff's intestate violated the ordinance and was negligent. The verdict that the plaintiff's intestate was guilty of negligence contributing to her death, was inevitable and under the language quoted might well have been directed. If the charge had been simply to the effect that the violation of the ordinance was *prima facie* evidence of negligence, it would not have been erroneous. (*Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40; *Knupfle* v. *Knickerbocker Ice Co.*, 84 id. 488; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 522.) But the charge went far beyond this and left no substantial question for the jury. Had the matter of the ordinance been contained in a statute of the State, the charge would have been correct. Then the language of the opinion in *Martin* v. *Herzog* (228 N. Y. 164), which was quoted, would have been apposite.

In some respects a municipal ordinance has the binding effect of a statute within the corporate limits of the municipality. (*Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *City of Watertown* v. *Rodenbaugh*, 112 App. Div. 723; *City of Buffalo* v. *N. Y., L. E. & W. R. R. Co.*, 152 N. Y. 276; *Karpeles* v. *Heine*, 227 id. 74; *Martin* v. *Herzog, supra.*) Logically, as pointed out in the opinion in the case last cited, the effect of an ordinance might well be assimilated to that of a statute. Such a case as this may not, however, be determined upon the pure logic of the situation. Precedent controls our court, and it is well established that an ordinance in a negligence case is but evidence of negligence. It furnishes a standard of conduct; but, whether it is a standard which the ordinarily prudent man would conform to remains a question for the jury to decide. It need not be adopted by the jury as the controlling standard. (*Schumer* v. *Caplin*, 241 N. Y. 346; *Fluker* v. *Ziegele Brewing Co., supra.*)

The charge was, therefore, erroneous. Its effect upon the jury is beyond question.

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event.