FRED H. LEWIS, Appellant, *v.* ROY S. ROWLAND, Respondent.

Fourth Department, December 18, 1928.

*Knight & Bentley* [*John Knight* of counsel], for the appellant.
*Gibbons & Pottle* [*Frank Gibbons* of counsel], for the respondent.

PER CURIAM. To render vehicles visible to travelers on the highways at night, in order that the public may use the highways in safety, is the purpose of the statute requiring front and rear lights on vehicles. In any specific instance, the attainment of visibility in time to prevent disaster meets the demand of the law.

The nonsuit in this case was on the ground that plaintiff was guilty of contributory negligence as a matter of law. The testimony most favorable to plaintiff authorizes the conclusion that defendant's truck and trailer were standing still on the traveled highway before and at the time of the collision; that plaintiff's driver could see the road ahead 110 feet by his own lights; that when he was fully 200 feet from the truck he saw the red lights on its rear; that the rear end of the trailer was 13 feet behind the rear of the truck; and that there was no light at the rear of the trailer at the time of the collision, as required by section 286, subdivision 2, of the Highway Law (as amd. by Laws of 1926, chap. 507. Since amd. by Laws of 1928, chap. 682). The absence of this rear light meant negligence *prima facie*. For plaintiff's driver to proceed when his front lights did not fully meet the demand of the statute (Highway Law, § 286, subd. 3, as amd. by Laws of 1926, chap. 507) was *prima facie* evidence of contributory negligence; but such dereliction would not preclude recovery by plaintiff unless it was at least a concurring, proximate cause of the mishap. (*Martin* v. *Herzog*, 228 N. Y. 164; *Fox Construction Co., Inc.*, v. *Dailey's Towing Line, Inc.*, 180 App. Div. 593. As to the general principle, see, also, *Ward* v. *Clark*, 232 N. Y. 195; *Quinn* v. *O'Keeffe*, 9 App. Div. 68; appeal dismissed, 151 N. Y. 633.)

We conclude that plaintiff was not guilty of contributory negligence as a matter of law; that the question whether plaintiff was guilty of negligence contributing to bringing about the collision because the automobile's front lights were not up to the statutory requirement or because plaintiff's driver was careless in watching the road or in handling the automobile was one of fact for the jury.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur, except EDGCOMB, J., who dissents in an opinion and votes for affirmance. Present — CLARK, SEARS, TAYLOR, SAWYER and EDGCOMB, JJ.

EDGCOMB, J. (dissenting). I regret my inability to concur in the decision about to be made.

It is conceded that the plaintiff was driving along a State highway in the open country on a dark night, with headlights which did not comply with the requirements of section 286 of the

Highway Law. The two lights were not of equal power; they were not properly focused; they threw their light more to one side than straight ahead. Giving the plaintiff the benefit of the doubt, these lights only enabled the driver to see an object 110 feet in front of the car. This fell far short of the requirements of the statute.

The violation of the provisions of section 286 of the Highway Law by the plaintiff constituted *prima facie* evidence of negligence on his part. (*Martin* v. *Herzog*, 228 N. Y. 164; *Giminski* v. *Irving*, 210 App. Div. 343.)

The unexcused omission of a statutory duty constitutes negligence in and of itself, and becomes conclusive and fixes liability or prevents recovery when such violation is the cause of the accident. (*Martin* v. *Herzog, supra; Karpeles* v. *Heine*, 227 N. Y. 74; *Amberg* v. *Kinley*, 214 id. 531; *Clark* v. *Doolittle*, 205 App. Div. 697, 699.)

Here, the plaintiff offers no excuse whatsoever for driving on a dark night with defective and inadequate headlights. It follows, therefore, that plaintiff was guilty of negligence as a matter of law.

Concededly, it is not enough to prove abstract negligence on the part of the plaintiff. His carelessness, to bar a recovery, must have had some causal connection with the accident. If the violation of the statute bore no relation to the injury received by the plaintiff, admittedly his negligence would not bar his recovery.

I think that there is such connection between plaintiff's failure to comply with the requirements of the statute relating to lights and the accident itself, as to make plaintiff's negligence not merely an academic proposition, but an active and concurring cause of the collision.

The purpose of the statute is clear. The Legislature, recognizing the danger which would inevitably result if motor vehicles were permitted to travel at rapid rates of speed after dark over inadequately lighted highways, have decreed that all cars should be equipped with lights sufficient to illuminate the roadway a sufficient distance ahead to enable the driver, if he is traveling at a proper rate of speed, to see a person, vehicle or substantial object on the highway in time to stop his car or turn aside and avoid a collision. The Legislature has fixed that distance at 200 feet.

Had plaintiff's lights been sufficient to have disclosed the trailer 200 feet ahead, he would have had ample time to have turned out and avoided striking it, if he had been giving proper attention to the operation of his car. Plaintiff knew that there was a vehicle ahead of him, because he saw the red light on the rear of the truck when he was 200 feet away. He must have known that he was overtaking the car. He was bound, therefore, to be

alert, and mindful of his driving. The road was straight, and there was nothing to divert his attention. I do not see how it can be said that he might have failed to see the trailer had his car been equipped with proper lights, assuming of course that he was giving proper attention to his driving. If this assumption is incorrect then plaintiff could not be said to have been operating his car in a careful and prudent manner.

This is a situation far different from a case where one is driving a car without a license, or is doing some act which he has been prohibited from doing by some statute, unless he has been granted permission so to do by an authorized authority, and where there is no causal connection between the injury and the failure to obtain the requisite consent.

I do not feel that the decisions of this court in *Hall* v. *Hepp* (210 App. Div. 149) or *Pietraszewski* v. *American Railway Express Co.* (Id. 866), are controlling. The facts in those cases are far different from those in the case at bar.

In *Hall* v. *Hepp* (*supra*) a house was being moved through the streets of Buffalo, and was left standing at night without being properly lighted. Plaintiff, a policeman, while on duty, was driving a motorcycle and collided with the house. The lamps on plaintiff's motorcycle did not comply with the requirements of the city ordinances. A nonsuit was reversed, upon the theory that plaintiff's negligence was a question of fact for the jury. It was the non-observance of a municipal ordinance which was there involved, and not of a statute, as is the case here. There is a marked distinction between a violation of the two. The failure to comply with a statute is negligence *per se*, while the violation of an ordinance is only evidence of negligence. (*Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40; *Connolly* v. *Knickerbocker Ice Co.*, 114 id. 104; *McRickard* v. *Flint*, Id. 222; *Knupfle* v. *Knickerbocker Ice Co.*, 84 id. 488; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 522; *Dodican* v. *Smith*, 221 App. Div. 383; *McCambley* v. *Staten Island M. R. R. Co.*, 32 id. 346.)

Furthermore, policemen were expressly exempt by the ordinance from obedience to the provisions applicable to the public. The opinion also calls attention to the rule holding that policemen are not bound to the same degree of care as is required of the ordinary wayfarer.

In *Pietraszewski* v. *American Railway Express Co.* (*supra*) this court reversed a judgment of the Supreme Court, and affirmed a judgment of the Buffalo City Court in favor of the plaintiff upon the ground that plaintiff's contributory negligence was a fair question of fact for determination by the trial court. No opinion

was written. In that case plaintiff, while driving an automobile after dark on one of the public streets in the city of Buffalo, collided with the rear of defendant's truck, which was parked by the curb, without the red light required by the statute. It was a dark, rainy, foggy night, and plaintiff's lights, which were ordinarily bright ones, did not penetrate the mist or fog a sufficient distance to permit the driver to see an object the required 200 feet. In fact, he could only see 10 feet ahead of his car. The jury could well have said that the lights were ample to comply with the requirements of the statute under ordinary circumstances, but, owing to the unusual atmospheric conditions, that they failed to throw their rays the requisite distance. Atmospheric conditions change rapidly, and if lights, which ordinarily would carry the required 200 feet, fail so to do in some isolated case, due to conditions over which the driver has no control, a question of fact would arise whether the driver's action in proceeding under those circumstances constituted negligence. That is a far different situation from that which exists here.

I think that the plaintiff in the instant case was guilty of contributory negligence as a matter of law. He chose to drive with inadequate lights, and offers no excuse for so doing. Had they complied with the requirements of the statute, there would have been no legitimate excuse for his failure to see the trailer in ample time to have avoided striking it.

I vote to affirm the judgment.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.