We think, for the reasons given, that the judgment must be reversed and a new trial ordered, with costs to appellants to abide the event.

Brady and Daniels, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellants to abide event.

CHARLES MINERLY, Jr., Appellant, v. THE UNION FERRY COMPANY OF BROOKLYN, Respondent.

*Violation of a navigation law by a vessel — only raises a presumption of negligence.*

In an action brought to recover damages resulting from a collision, alleged to have been caused by the negligence of a pilot in charge of a ferry-boat belonging to the defendant, it appeared that the plaintiff's steamboat was not, as nearly as possible, in the center of the river, and was propelled at a greater rate of speed than ten miles an hour, in violation of the provisions of chapter 321 of the Laws of 1848, requiring all steamboats passing up and down the East river, between the Battery and Blackwell's Island, to be navigated, as nearly as possible, in the center of the river, and not at a greater rate of speed than ten miles an hour.

*Held,* that as the statute did not declare that a violation of these provisions should constitute negligence as a matter of law, the violation by the plaintiff did not justify a dismissal of the complaint.

That the violation of the statute simply created a presumption of negligence on the part of the plaintiff, and placed upon him the burden of establishing not only that the defendant was negligent, but that the violation of the statute on the part of the plaintiff in no way contributed to bring about the accident.

APPEAL by the plaintiff from a judgment entered, after a trial at a New York Circuit before a court and a jury, in the office of the clerk of the county of New York on the 23d day of December, 1887.

The judgment directed that the complaint be dismissed, with costs, on the merits.

*Henry Schmitt,* for the appellant.

*B. D. Silliman* and *F. A. Ward,* for the respondent.

Van Brunt, P. J.:

This action was brought to recover damages sustained by the plaintiff, alleged to have been caused by the negligence of the pilot in charge of one of the ferry-boats of the defendant.

It will not be necessary, in considering the only question to be discussed in the disposition of this appeal, to state in detail the evidence that was produced on both sides upon the trial of the action. It will suffice to state the general features of such evidence and the apparent ruling of the court upon certain portions thereof in order to come to a conclusion.

The plaintiff in this action was a pilot having charge and sole control of the Erie Annex Steamer City of Chester, which was accustomed to run between Brooklyn and Jersey City. The defendant owns and controls, amongst others, the ferry from the foot of Whitehall street, New York, to the foot of Hamilton avenue, in the city of Brooklyn. On the morning of the 7th of August, 1885, the plaintiff left his slip at the Fulton Ferry in Brooklyn on his usual trip to Jersey City, and he proceeded upon his course until he neared the Hamilton Ferry slip, at the foot of Whitehall street. A boat, called the Monticello, was coming out from said slip, and another boat, the Brooklyn, was making for said slip on her trip from Brooklyn. The position of the plaintiff's boat is variously stated by the witnesses on the part of the plaintiff and of the defendant, the defendant claiming that she was running along close to the pier-heads and very far from the middle of the river, and the plaintiff claiming that although she was much nearer the pier-heads than the middle of the river yet still she was as near the center of the river as she could be under the circumstances. It was further claimed, upon the part of the defendant, and the evidence seemed to establish the fact, that she was proceeding down the river at a rate of more than ten miles an hour. The Brooklyn and the Chester came into collison and the plaintiff was injured. Amongst other evidence offered, upon the part of the defendant, was chapter 321 of the Laws of 1848, entitled "An act in relation to the navigation of the East river by steamboats," which is in the following language :

. Sec. 1. All the steamboats passing up and down the East river, between the Battery at the southern extremity of the city of New York, and Blackwell's island, shall be navigated, as near as possible, in the center of the river, except in going into or out of the usual berth or landing place of such steamboat, and shall not be propelled at a greater rate of speed than ten miles an hour.

Sec. 2. The master, pilot or engineer of any steamboat violating

either of the provisions of the foregoing section shall be deemed guilty of a misdemeanor; and in addition thereto, the master, pilot and engineer of such steamboat shall respectively be liable to the penalty prescribed in section 9, title 10, chapter 20 of the first part of the Revised Statutes, to be sued for and applied as therein directed.

It was claimed upon the trial that the evidence showed that the plaintiff's steamboat was not as near as possible in the center of the river, and that she was propelled at a greater rate of speed than ten miles an hour, and, therefore, that he was shown to have been guilty of negligence by this violation of the statute, and for this reason it would seem the court dismissed the complaint.

This, we think, was error. The statute nowhere decides that a violation of its provisions shall be negligence as a matter of law. It provides a punishment for the violation, but nothing is said as to the liability of being subject to any other penalty than that therein prescribed.

Under these circumstances, proof of the violation of the statute is not such absolute proof of negligence as the court below seems to have considered it. It is undoubtedly true that the failure of a person to comply with the requirements of the statute above referred to is *prima facie* guilty of negligence. The failure to conform to the statutory requirements may be qualified by circumstances bearing upon the question which may rebut the presumption arising from the failure to comply with the statute, and where there is such a condition of the proof, the question of negligence becomes one for the jury, in view of all the evidence offered in the case, the statutes included. (*McRickard* v. *Flint*, 114 N. Y., 222–227.)

In the case at bar evidence was offered, upon the part of the plaintiff, from which the jury might possibly have inferred that the violations of the statute which were established by the evidence in no manner contributed to the happening of the accident, except the mere fact that by the violation of the statute the plaintiff was in the position in which he was. But even if he was in that position in consequence of his violation of the statute, this gave no right to the other boats in the river to run him down. He had made himself liable to the penalties prescribed by the statute, and he had also made himself liable in case of accident to the presumption that the

accident had arisen because of his violation of the requirements of the statute, and these were the only burdens which such violation imposed upon him.

. It seems, however, to have been considered by the court below that, upon proof of this violation, all right upon the part of the plaintiff to a recovery for damages sustained in consequence of defendant's negligence was ended. As already said, we do not think this to be the true rule of law. It placed the burden upon the plaintiff of establishing not only that the defendant was negligent, but that his violation of the statute in no manner contributed to the happening of the accident, the presumption as to his own negligence, because of the violation of the statute being against him.

The conflict of evidence between the witnesses upon the part of the plaintiff and the defendant, as to the happening of the accident, raised the question as to whether the violation of the statute and the subsequent management of the plaintiff's boat in any manner contributed to it. This was a question for the jury, and they were to determine whether the plaintiff had given sufficient excuse to rebut the presumption which his alleged violation of the statute raised. We do not think, therefore, that the court was justified in the extreme view which it took in reference to this matter, and we think that it should have submitted the question to the jury, instructing them as to the effect of the statute in question, and leaving the evidence to them to weigh and determine whether the plaintiff had rebutted the presumption which his violation of the statute entailed.

Under these circumstances, we think that the judgment was erroneous and must be reversed and a new trial ordered, with costs to appellant to abide the event.

Brady and Daniels, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.