## Joseph F. Cervinka, Administrator of the Estate of Theodore Lutman, Appellee, v. W. F. Adams, Appellant.

## Gen. No. 27,150.

1. DEATH—*employment of minor child in violation of law as affecting right of action for benefit of parents.* Parents, for whose benefit an action to recover damages for the death of their minor child was brought, were not precluded from recovering because of contributory negligence in permitting the child to be employed in violation of the Child's Labor Act, in force July 1, 1917 (Cahill's Ill. St. ch. 48, ¶ 44 *et seq.*), where the accident could not be said to have been the result of the employment itself, and the result of the negligence in question would have been the same had the boy's employment been legal.

2. PARENT AND CHILD—*liability of parent permitting employment of child in violation of law.* The fact that a certificate for a minor child's employment by other concerns had previously been issued would not excuse the parents permitting such child's employment by another party without the issuance of another certificate, nor would the parents' ignorance of the law excuse them from the penalty for violating it.

3. DEATH—*when employment of minor in violation of law not proximate cause of death precluding recovery for benefit of parents.* Where in an action to recover for the death of a minor, at the time of the accident, which occurred in defendant's building, the minor was employed by one of defendant's tenants, by which he could lawfully have been employed on issuance of a certificate under the Child's Labor Act, but no certificate had been obtained, and where such employer had turned over employees, including the boy, to another tenant, to assist in moving goods down defendant's freight elevator, in doing which the boy fell through an unguarded opening in the elevator, the employment of the boy was merely an antecedent occasion or condition of the injury, and too remote in the sense of causation to be regarded as a concurring or contributing cause of the injury, and the parents' acquiescence in the employment in question did not preclude them from recovering.

4. DEATH—*liability of parents to prosecution for permitting illegal employment of child not negligence precluding recovery for his death.* In an action by parents against the owner of a building, to recover for the death of their minor child, the fact that such parents were liable to prosecution for violation of the Child's

Labor Act did not constitute negligence at law, where it could not be said that the accident was the result of the employment, and the result in question would have been the same' had the employment been legal. And the question whether said violation of the act contributed to the injury was a question of fact and not one of law.

Appeal from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed· April 18, 1922. *Certiorari* denied by Supreme Court (making opinion final).

JOHN CLARK BAKER, for appellant.

LITSINGER, HEALY & REID, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment for $4,500 in an action to recover damages for the death of a minor occasioned by his falling from a freight elevator in defendant's building.

It is conceded that we would not be justified in disturbing the verdict so far as it rests on the charge of defendant's negligence. But it is urged that there was contributory negligence on the part of the boy's parents, 'for whose benefit as his next of kin the action was brought, in permitting the minor, who was over 14 and under 16 years of age, to be employed in violation of the provisions of the Child Labor Act, in force July 1, 1917 [Cahill's Ill. St. ch. 48, ¶ 44 *et seq.*].

The material facts upon which the question arises are as follows: At the time of the accident the minor was in the employ of Leonard-Morton Company, a mercantile institution, for which he could be lawfully employed on issuance of a certificate of employment as provided in said act. Said company was a tenant of defendant and had occupied the second floor of his building, but on the day of the accident was moving from the second floor to the fourth, and another ten-

ant, the Armstrong Manufacturing Company, was moving from the fourth to the second floor. At 5 p. m. of said day, Leonard-Morton Company had stopped moving, and turned its help, including deceased, over to the Armstrong Company to assist it in moving its goods down on the freight elevator, which was being operated by defendant's engineer. Between the west wall of the building and the floor of the elevator, while it stood at the fourth floor of the building, was a space of about 16 inches. The elevator was open on that side, but there were three chains permanently attached to its northwest corner, about one foot apart, the lowest being one foot above the floor, which when used hooked to its southwest corner. At the time of the accident these chains were unhooked and down, and it was somewhat dark in the elevator. While said minor and another boy were loading small carton boxes on the elevator, the chains being down as aforesaid, the former in some way fell from the elevator through the space and was killed.

The evidence indicates that no certificate for his employment had been procured by Leonard-Morton Company as required by the act. It is urged by appellant that as the minor was employed with his parents' knowledge, and as section 13 of the Act [Cahill's Ill. St. ch. 48, ¶ 56] penalizes one who, having control of a minor, permits him to be employed in violation of the act, they were guilty of contributory negligence and hence no recovery can be had for their benefit. Appellant's theory is that the injury arose out of and was caused by the employment, and because it was illegal the act of the parents in permitting it contributed to the injury. This doctrine finds some support in cases cited from West Virginia. (*Swope v. Keystone Coal & Coke Co.*, 78 W. Va. 517, 39 S. E. 284, 287; *Dickinson v. Stuart Colliery Co.*, 71 W. Va. 325, 76 S. E. 654; *Daniels v. Thacker Fuel Co.*, 79 W. Va. 255 [14 N. C. C. A. 833], 90 S. E. 840.) But we do not think

the doctrine is applicable to the state of facts at bar. In *Strafford v. Republic Iron & Steel Co.*, 238 Ill. 371, 377, where the action was for the benefit of the child injured and it was claimed he would be precluded from recovery if his negligence contributed to his injury, the court said: "But the injury must be a consequence of such employment. The mere fact that a child employed in violation of law receives an injury in nowise resulting from the employment would not create a liability." Nor, in our opinion, would it preclude recovery where the injury is not a consequence of the employment itself.

That the minor's employment in the absence of procuring a certificate was illegal, cannot be questioned (*Roszek v. Bauerle & Stark Co.*, 282 Ill. 557 [16 N. C. C. A. 1063]), and the fact that a proper certificate for his employment by other concerns had previously been issued did not excuse the parents in permitting his employment by another party without the issuance of a new certificate. Nor would their ignorance of the law excuse them from the penalty for violating it. But we cannot regard their acquiescence in the employment as the proximate or efficient cause of the injury. The direct cause thereof was the failure of defendant's engineer in not seeing that the chains were hooked up on the open side of the elevator. The result of his omission and negligence in this respect would have been the same had the boy's employment been legal. The parents' acquiescence in said employment can be said to have been a contributing cause to the injury only in the fact that the boy might not have been there had they not acquiesced. While perhaps it may be said that they did not acquiesce in his employment by another concern, though with the consent of his employer, yet we think the accident cannot be said to have been a result of the employment itself, as in case of an injury resulting directly from the hazard or danger of the occupation. While it is true the boy

would not have been injured had he not been there, yet we think his employment was merely an antecedent occasion or condition of the injury, and too remote in the sense of causation to be regarded as a concurring or contributing cause of the injury. (29 Cyc. 529.)

We do not think cases cited by appellant, where the action was brought against the employer and the accident was incident to the employment, involve the question presented here. This was an action against a third party whose negligence was clearly established, and for which he should be held responsible unless the violation of the statute by the parents, as aforesaid, can be said to be a concurrent cause in producing the injury. We do not think it can be so regarded. In *Hoadley v. International Paper Co.*, 72 Vt. 79, decedent was killed while working at defendant's mill, in violation of the statute prohibiting such employment on Sunday. It was held that that fact could not be said to be either in law or in fact contributory negligence concurring to produce the injury, nor the proximate cause of it. In *Minerly v. Union Ferry Co.*, 56 Hun 113, 9 N. Y. Supp. 104, defendant claimed that plaintiff was guilty of contributory negligence in violating a statute requiring navigation, as nearly as possible, in the center of the river. The court said that even if the position in which he was injured was in consequence of his violation of the statute, it gave no rights to the other boats in the river to run him down. In *Pennsylvania Co. v. Frana*, 112 Ill. 398, it was said the violation by the plaintiff of a city ordinance, claimed by defendant to be a concurrent cause of the injury, was a matter resting entirely between the plaintiff and the city authorities. And so in the case at bar, the beneficiaries were subject to prosecution for violation of the act, but the fact that they were did not constitute negligence at law which contributed to the injury. Whether it so contributed was a question of fact and not one of law, in our opinion. Cases are cited by appellant where

under the circumstances a violation of a statute by one receiving an injury was deemed prima facie the proximate cause of his injury, but, as said in some of those cases, not conclusive of the right to recover. We think the case was properly left to the jury, and that the judgment should be affirmed.