J. EDWARD CLARK, Respondent, *v.* WILLIAM DOOLITTLE, Appellant.

Fourth Department, May 2, 1923.

**Motor vehicles — action to recover damages to automobile caused by collision with another automobile — fact that driver was unlicensed chauffeur does not absolutely bar recovery — unlicensed chauffeur is not trespasser on highway while driving automobile.**

The fact that an automobile which was injured by collision with another automobile was being driven at the time of the accident by an unlicensed chauffeur in violation of section 289 of the Highway Law does not absolutely bar the owner from recovering damages.

Proof that the driver was unlicensed and, therefore, violating the law may have an important bearing upon the owner's right to recover and, if the fault lay in such violation, may prevent recovery.

An unlicensed chauffeur is not a trespasser upon the highway while driving an automobile so that all others may abandon observance of the rules of the road and provisions of protective statutes in their relations with him.

APPEAL by the defendant, William Doolittle, from a judgment of the County Court of the county of Oneida in favor of the plaintiff, entered in the office of the clerk of said county on the 13th day of March, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of March, 1922, denying defendant's motion for a new trial made upon the minutes.

*H. D. Bailey*, for the appellant.

*Lewis, Pratt & Fowler* [*W. R. Pratt* of counsel], for the respondent.

DAVIS, J.:

The plaintiff has recovered a judgment for damages to property caused by a collision between the defendant's automobile and the plaintiff's automobile at the intersection of Elm and Eagle streets in the city of Utica on June 25, 1921. The verdict of the jury in plaintiff's favor is based upon evidence sufficient to warrant their finding that the accident was caused by defendant's negligence.

The question raised here requiring our consideration is that the plaintiff is not entitled to recover because his car at the time was being driven by an unlicensed chauffeur.

Todd, the driver of the plaintiff's automobile, was employed as an automobile salesman by plaintiff and paid by a commission on sales. At the time of the collision he was driving the car on an errand for the plaintiff. Evidence of the nature of the errand was excluded on defendant's objection. That he falls within the definition of a " chauffeur " under section 281 of the Highway Law (added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769) is, under the evidence, somewhat doubtful. But for the purpose of determining the legal question presented, we may assume that fact. That question is, may a person recover damages caused by the negligence of another when his automobile was injured while being operated in violation of law?

The appellant's counsel contends that we should adopt the rule prevailing in Massachusetts, that a person operating an automobile in violation of a statute is a trespasser upon the highway and cannot recover for any injury to the machine or occupant, unless the injury was caused by some reckless, wanton or willful act. This rule has been applied in Massachusetts to unlicensed motor vehicles. (*Dudley* v. *Northampton Street Ry. Co.*, 202 Mass. 443; *Dean* v. *Boston Elevated Ry. Co.*, 217 id. 495; *Holden* v. *McGillicuddy*, 215 id. 563; *Rolli* v. *Converse*, 227 id. 162.) It is opposed to the great weight of authority. If the failure to obey the law is not a proximate cause of the injury, the right to recover is not denied. (Huddy Automobiles [6th ed.], 139, 143.) It is not claimed that the plaintiff's car was unlicensed, and even the Massachusetts doctrine does not extend so far as to make a competent operator, though unlicensed, a trespasser on the highway so as to be liable for all injuries to other vehicles with which he comes into collision. (*Bourne* v. *Whitman*, 209 Mass. 155.) Nor is recovery forbidden the owner for damages to the machine when the operator had no license. (Huddy Automobiles, *supra*, 255.)

The general rule in this State is that a violation of a law or ordinance neither of itself constitutes or fixes liability for negligence (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Egan* v. *Thompson-Starrett Co.*, 209 id. 110; *Weinberger* v. *Kratzenstein*, 71 App. Div. 155, 158; *Hyde* v. *McCreery*, 145 id. 729); nor prevents recovery for an injury where the proximate cause was the negligence of another. (*Minerly* v. *Union Ferry Co.*, 56 Hun, 113; *Quinn* v. *O' Keeffe*, 9 App. Div. 68; appeal dismissed, 161 N. Y. 633; *Ward* v. *Clark*, 232 id. 195.) Ordinarily violation of a statute or of an ordinance which causes injury to any person is *prima facie* evidence of negligence (*McRickard* v. *Flint*, 114 N. Y. 222, 226; *Stewart* v. *Ferguson*, 34 App. Div. 515), and unless its probative force is overcome, it becomes conclusive and fixes liability or prevents recovery when such violation is the direct cause of an accident. (*Amberg* v. *Kinley*, 214 N. Y. 531; *Karpeles* v. *Heine*, 227 id. 74; *Martin* v. *Herzog*, 228 id. 164; *Heffernan* v. *Barber's Son*, 36 App. Div. 163.)

The Highway Law (§ 289, added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769, and Laws of 1919, chap. 472, in effect at the time of the accident) provides for the licensing of chauffeurs after examination and payment of a fee, and forbids unlicensed operators or chauffeurs to drive a motor vehicle upon a public highway of this State unless such person shall have complied in all respects with the requirements of this section. It is provided in section 290, subdivision 1 (added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769), that the violation of any of the provisions of section 289 shall constitute a misdemeanor punishable by a fine not exceeding fifty dollars. The punishment prescribed does not indicate an intent on the part of the Legislature to impose the most serious consequences for a violation of the act. The purpose of the requirement of a license is to secure competency in the operator. Todd was the owner of a car which he might legally drive (Highway Law, § 289, subd. 1, as amd. by Laws of 1917, chap. 769, and Laws of 1919, chap. 472) and had sufficient experience so that he was evidently a competent driver.

The plaintiff in intrusting his car to the unlicensed driver to go on an errand for him, did not by that act necessarily desire or intend to invite a collision caused by the negligence of the driver of another car. (*Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161, 165.) He did not, as a matter of law, contemplate an illegal trespass upon the highway and abandon or relinquish his right to use the highway for a legitimate purpose. He may have believed, and it may have been the fact, that the person selected to drive the car possessed more skill than another who by license was legally entitled to drive. The fact that the driver was at the time engaged

in a violation of some law may have had an important bearing upon plaintiff's right to recover. It may be evidence against him (*Quinn* v. *Pietro,* 38 App. Div. 484; 29 C. J. 652) and if the fault lay in such violation may prevent recovery. (*McCarragher* v. *Proal,* 114 App. Div. 470.)

Very likely the driver committed a crime by so operating the car without a license. So may any person who fails to obey in every instance the many specific rules and directions of the Highway Law and the General Highway Traffic Law. (*Messersmith* v. *American Fidelity Co., supra,* 164.) Many of these are difficult to obey under all circumstances, and may often be violated inadvertently without willful intent. Such laws provide specific punishment for violations. The policy of our law does not demand that further punishment shall be imposed unless the violation is a direct or proximate cause of injury to the person or property of another. Then the person guilty becomes responsible in damages as he would for any other negligent act not specifically made unlawful. But as already stated, the Legislature provided definite punishment for the offense which Todd committed, and did not provide other punitive consequences. Nor does the policy of our law contemplate that an offender against a statute, however slight the offense, shall be made an outlaw without rights entitled to respect and recognition. Civil rights may be suspended during the term of sentence in a State prison. (Penal Law, § 510.) A man convicted of a felony may lose his right to vote. (Election Law of 1909, § 175; now Election Law of 1922, § 152.) But a mere violation of some provision of the Highway Law, casual and not willful, does not make the driver of an automobile a trespasser upon the highway without civil rights, so that all others may abandon observance of the rules of the road and the provisions of protective statutes in their relations with him. His right to recover and the right of another by whom he is employed, are not taken away because at the time of the injury he was disobeying a statute, which in no way contributed to the injury. (*Armstead* v. *Lounsberry,* 129 Minn. 34.) This rule is the one prevailing in nearly all jurisdictions in this country (Huddy Automobiles, *supra,* 143, 254), and the rule in this State.

The judgment should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.