WILLIAM F. HALL, Appellant, *v.* LOUISA HEPP and Another, Individually and Doing Business under the Firm Name and Style of HENRY HEPP & SONS, and Another, Respondents.

THOMAS F. IRISH, Appellant, *v.* LOUISA HEPP and Another, Individually and Doing Business under the Firm Name and Style of HENRY HEPP & SONS, and Another, Respondents.

Fourth Department, July 1, 1924.

**Motor vehicles — action by policemen to recover for injuries suffered when their motorcycle collided with house which was being moved in street — accident occurred in night — no warning lights on house — error to hold as matter of law that plaintiffs were guilty of contributory negligence in failing to comply with Buffalo city ordinances, chap. 60, § 24, subd. 2, relating to lights on motor vehicles — if policemen were on duty at time of accident, ordinance does not apply under Buffalo city ordinances, chap. 60, § 25.**

In an action by two policemen of the city of Buffalo to recover damages for personal injuries suffered when their motorcycle collided with a house that was being moved in the street, in which it appears that the accident occurred in the night time, and that there were no warning lights on the house, it was error for the court to hold as a matter of law that the plaintiffs were guilty of contributory negligence, because at the time of the accident the light on the motorcycle did not comply with the terms of subdivision 2 of section 24 of the Buffalo city ordinances for it was a question for the jury to say whether or not the failure to comply with the ordinance was the proximate cause of the accident.

Furthermore, if the officers were on duty at the time of the accident the ordinance according to section 25 of chapter 60 of the Buffalo city ordinances did not apply to them.

APPEAL by the plaintiff, William F. Hall, in the first above-entitled action, and by the plaintiff, Thomas F. Irish, in the second above-entitled action, from judgments of the Supreme Court in favor of the respective defendants, entered in the office of the clerk of the county of Erie on the 2d day of January, 1923, upon the dismissal of the respective complaints at the close of the plaintiff's case, and also from orders entered in said clerk's office on the 16th day of November, 1923, denying the motion of the respective plaintiffs to set aside the direction of the court dismissing the complaint in each action.

*Hamilton Ward* [*William J. Flynn* of counsel], for the appellants.

*Strebel, Corey & Tubbs* [*Carlos C. Alden* of counsel], for the respondents.

CLARK, J.:

These cases were tried together. They were brought by two policemen of the city of Buffalo to recover damages for personal injuries sustained by them while driving their motorcycles through one of the city streets at two o'clock in the morning, October 24, 1920. These officers were returning to a police station after having completed certain duties that had been assigned to them. As they were riding toward the station, they collided with a house which defendants Hepp were engaged in moving and which had been left wholly unguarded in the street.

Defendants had received permission from the proper authorities of the city to move the house through the street, but on the night of the accident they had left it in the street without red lights to warn travelers that the street was obstructed.

The house occupied practically the entire width of the street. The street was poorly lighted with gas lights and the house was about the same color as the pavement. Plaintiffs were driving their motorcycles at a speed of between fifteen and eighteen miles per hour but they did not see the obstruction in the street in time to avoid a collision.

They had regulation headlights on their motorcycles which had been furnished by the city but at the time they were using their dimmers which showed ahead not over twenty feet.

At the conclusion of plaintiffs' case, nonsuits were granted on the ground that at the time of the accident plaintiffs were driving in violation of a city ordinance which provided among other things that on all motor vehicles operated in the city of Buffalo front lights should be provided that should be visible at least 250 feet in the direction in which the motor vehicle is pro-

ceeding. Concededly the lights operated by plaintiffs on their motor vehicles on the night in question did not comply with the terms of section 24, subdivision 2, of chapter 60 of the city ordinances of Buffalo with reference to front lights on motor vehicles.

The learned court by granting defendants' motions for nonsuits held in effect that the fact that plaintiffs were driving their motorcycles without the lights provided for by the ordinance above referred to, established their contributory negligence without permitting the jury to say whether such negligence was the proximate cause of the accident.

We think that in thus disposing of these questions as a matter of law the learned court fell into error.

We have recently held that the mere violation of some traffic law or ordinance by the driver of an automobile does not of itself constitute such negligence as to make him a trespasser upon the highway and preclude his recovery of damages caused by the negligence of another. (*Clark* v. *Doolittle*, 205 App. Div. 697.) It must be established that the violation was a proximate or direct cause of the injury. That ordinarily, as here, is a question of fact.

Plaintiffs may have had reason to believe they would be given warning of the presence in the street of such an unusual obstacle as a large building, and, therefore, have been justified in relaxing their vigilance. The officers were evidently still on duty. They were returning their motorcycles to the police station. If so, the ordinance by its terms (Chap. 60, § 25) exempted them from obedience to its provisions.

Furthermore, an officer on duty is not always held to the same degree of care as the ordinary wayfarer. (*McDade* v. *International R. Co.*, 235 N. Y. 11.)

Under all the facts and circumstances shown, we think the questions of plaintiffs' negligence and, if such negligence was established, the question whether it was a proximate cause of the accident, should have been submitted to the jury and not disposed of as a matter of law. (*Rider* v. *Syracuse R. T. R. Co.*, 171 N. Y. 139; *McDade* v. *International R. Co.*, *supra*.)

The judgments and orders should be reversed on the law and new trials granted, with costs to appellants to abide the event.

All concur; HUBBS, P. J., not sitting.

In each case: Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.