AUDUBON TRANSPORTATION COMPANY, Respondent, *v.* YONKERS RAILROAD COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, December 10, 1925.

**Street railways — action by owner of motor bus for damage caused by collision with street car — not defense that motor bus was being operated in street without authority.**

It is not a defense to an action by an owner of a motor bus to recover damages for injuries to a bus caused by a collision with defendant's street car, that the the motor bus was being operated in the streets without authority and unlawfully, and, therefore, constituted a public nuisance.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Fourth District, in favor of the plaintiff, entered upon the verdict of a jury.

*Alfred T. Davison [Frederick W. Frost* of counsel], for the appellant.

*Klein, Kinsley, Klein & Wille [August P. Klein* and *Joseph E. Kinsley* of counsel], for the respondent.

CHURCHILL, J. Plaintiff operated automobile buses for the carriage of passengers. It was without lawful authority so to use the public streets. One of its buses was injured in a collision with a street car operated by defendant. It has recovered a judgment upon a verdict in its favor and the question is whether the judgment must be set aside notwithstanding the verdict.

Appellant contends, in substance, that since the operation of the buses was unauthorized and unlawful their mere presence on the streets was a trespass and a public nuisance. The contention appears to be that the injury was a direct result of this violation of law and that the case is thus distinguishable from the many cases where violations of statutory duties have been held to be immaterial because unconnected with the happening of the accident.

In the present case it is true, of course, that the accident could not have happened if the bus had not been at the place where it occurred. But it would be going only a step further in the same direction to suggest that the bus could not have been injured if it had not first been constructed. Each of these conditions was a *sine qua non* of the injury which plaintiff has sustained. But neither was a producing cause of that injury. The mere presence of the bus on the street did not cause the accident. It was no part of any chain of causation. The cause of the accident was the negligence of the operator of the car, or the operator of the bus, or of both. (*Trapp* v. *McClellan*, 68 App. Div. 362; *Martin* v. *Herzog*, 228 N. Y. 164, 170; *Platz* v. *City of Cohoes*, 89 id. 219.) The jury has found that the sole cause was the negligence of the motorman operating the car and there is no reason to disturb the verdict on the question of fact.

If the presence of the bus on the streets may be properly characterized as a trespass and a nuisance the situation is not changed. The nuisance, though a public wrong, was not a cause of the injury as already shown. If there was a trespass of which defendant might complain it was not of such a character as to lessen the degree of care required on its part. It was not a trespass on defendant's premises. Though using the streets without proper authority plaintiff was entitled to reasonable care and not merely abstention from willful or wanton injury on the part of other users of the public highway. (*Clark* v. *Doolittle*, 205 App. Div. 697.)

There were no exceptions to the charge and the judgment should be affirmed, with twenty-five dollars costs.

BIJUR, J., concurs.

LEVY, J. (concurring). While logically the presence of the bus on the street without lawful authority was necessarily a part of the chain of causation, it was not the proximate cause of the accident.