DARBY, etc. v. JARRETT

Ohio Appeals, 6th Dist., Huron Co.

No. 217. Decided April 28, 1927

465. ERROR—Failure of court to give instruction before charge that under Sec. 12614-3 GC. one who parks on highway without lights is negligent per se, is prejudicial error.

First Publication of this Opinion

LLOYD, J.

Helen Darby, a minor, seeks a reversal of the trial court, the Huron Common Pleas, upon the ground that prejudicial error intervened.

Helen Darby was riding on her mother's lap in a Ford touring car driven by her father. The night was misty and very dark. Fred Jarrett, was driving in the same direction as Darby, and was having trouble with his lights, he stopped to fix them drawing up to the side of the road, the evidence upon the second point, however, was in conflict. Darby crashed into Jarrett's car and Helen Darby was injured through no negligence of her own. Upon error proceedings the Court of Appeals held:

1. There appears to be no error in the proceedings of the trial court prejudicial to Darby except the refusal to give to the jury before the commencement of argument of counsel, the third written instruction of plain-

tiff which charged that failure of defendant to have lights was negligence as a matter of law.

2. The request was in part as follows:— "It is admitted by the defendant that he stopped his car on the side of the road without having lights, visible from the front. Such failure was negligence on his part, as a matter of law, and if it was a proximate cause of plaintiff's injury, your verdict should be in plaintiff's favor."

3. Counsel based plaintiff's right upon 12614-3 GC. which section refers to the burning of headlights visible at least two hundred feet.

4. This statute applies to all vehicles, including motor vehicles and would seem to differ from the other statutory provisions relating to lights upon motor vehicles in that it applies to non-moving as well as moving vehicles upon public highways. Any violations of this provision of law is negligence per se. Chesrown v. Bevier, 101 OS. 282.

5. Under the facts in the evidence, the question of whether or not such negligence was a proximate cause of plaintiff's injury should have been submitted to the jury. It was for the jury to say whether Jarrett's position on the highway was the proximate cause of the injury.

Judgment reversed.

(Richards, Williams, JJ., concur.)

*Attorneys*—Young & Young for Darby; Rowley & Carpenter for Jarrett; all of Newalk.