(No. 5778.   March 23, 1932.)

JOHN TENDOY and IRENE TENDOY, His Wife, Appellants, v. TED WEST, Respondent.

[9 Pac. (2d) 1026.]

Peterson & Clark and O. R. Baum, for Appellants.

Coffin & Zener, for Respondent.

LEE, C. J.—Plaintiffs and appellants, John Tendoy and wife, Irene, sued defendant and respondent, Ted West, to recover damages for personal injuries of the wife caused by a rear end collision with an automobile alleged to have been negligently driven by respondent. In defense, re-

spondent affirmatively plead that at the time of the collision, about 11 P. M., appellants were driving a light buggy along the highway, which, in contravention of the requirements of subdivision g, sec. 47 of chap. 260 of the 1927 Session Laws, was not equipped with "any lighted lamp or lantern whatever," and that appellants "did not have on display on the rear of their said buggy a yellow or red light or a reflector." Such alleged delinquency respondent averred to have been the proximate cause of the accident.

Upon the trial, Mrs. Tendoy testified that on the evening of the collision it was "quite light with the stars out"; that appellants were driving slow; that she looked back "two or three times," the first time seeing respondent's car approaching "about a quarter of a mile back", with bright lights, the rays of which were playing upon appellant's buggy; that, looking back again, she saw the car close upon them, coming fast, with lights "pretty bright" and thrown upon the buggy and its occupants. Looking back a third time, she saw the car "right behind us," shedding its lights upon them. Just at this juncture, she said, she saw a car approaching in the opposite direction, some 200 yards away, its lights being "towards us" and the buggy being "in the light of that car": she admitted that the buggy carried no tail-light as by law required.

On cross-examination under the statute, in response to the question, "Were you blinded by the lights of an approaching car as you came upon and approached the Tendoy car?", respondent testified: "I didn't say that I was blinded by the lights. I was confused somewhat by them, as anyone naturally would be, with an approaching car, he would be a little more alert, and my attention was centered upon the approaching car." The next question, "Was your vision interfered with by the lights of the approaching car?" met with a sustained objection. Respondent moved for a non-suit upon the ground that the admitted failure of appellants to carry the lights required by statute constituted negligence *per se,* in and of itself, under all the evidence, operating as the contributing and proximate cause of the accident. The

motion was sustained, the trial court observing: "It would seem to me that the jury could come to no other conclusion than if the tail-light were burning on the buggy the driver could have seen the buggy in time to have avoided the collision." From the consequent judgment of nonsuit and dismissal, the Tendoys appealed, their only complaint being that the court erred in sustaining the motion for nonsuit and respondent's objection to the question hereinbefore adverted to.

The main question involved is whether or not, from all the evidence, the trial court was justified in holding that appellants' negligence *per se* was the contributing and proximate cause of the accident. The case at bar is to be distinguished from *Kelly v. Troy Laundry Co.*, 46 Ida. 214, 267 Pac. 222, in this. In the one, plaintiffs' negligence *per se* was disclosed by their case in chief: in the other, that negligence was first advanced by the defendant. The rule is succinctly stated in Nichol's Applied Evidence, vol. 2, p. 1353, sec. 16:

"Where contributory negligence appears from plaintiff's evidence the burden is not upon defendant. When, in a personal injury action, plaintiff's own case presents evidence which, if unexplained, would make out *prima facie* contributory negligence on his part, there must be further evidence exculpating him, or he cannot recover. *However, it is only where plaintiff's own evidence raises a clear presumption of contributory negligence that defendant does not have the burden of proof thereon.*" (Italics ours.)

When urged as a defense, the burden of establishing contributory negligence as the proximate cause never leaves the defendant, unless plaintiff, before resting, has relieved him by establishing it or supplying facts clearly presumptive of it. In the absence of some probable causal connection, bald negligence *per se* can raise no presumption of proximate cause: it may be wholly innocent. It is no more effective than any other kind of negligence. Where, on the question of proximate cause, men's minds may honestly differ, it should always be submitted to the jury. *Kelly v. Troy Laundry Co., supra; Hooker v. Schuler*, 45 Ida. 83,

260 Pac. 1027; *Hall v. Hepp,* 210 App. Div. 149, 205 N. Y. Supp. 474, holding that the violation of a traffic law must be established as the proximate cause of the injury, the question being one of fact, citing *Clark v. Doolittle,* 205 App. Div. 697, 199 N. Y. Supp. 814; *Martin v. Oregon Stages,* 129 Or. 435, 277 Pac. 291, 294, asking the pertinent question, ''Was the absence of a white light the approximate cause of the collision?'' After declaring the plaintiff guilty of negligence *per se* for driving after sundown without a tail-light the court said in *Gleason v. Lowe,* 232 Mich. 300, 205 N. W. 199, 200: ''It was a question of fact for the jury whether there was any causal connection between the statutory violation of plaintiff and the injury occasioned by defendant.'' *Martin v. Carruthers,* 69 Colo. 464, 195 Pac. 105, 106, conceding plaintiff's negligence *per se* but declaring, ''There is room for two opinions under the evidence as to whether that negligence was a cause contributing to the collision.'' To the same effect are *Darby v. Jarrett,* 26 Ohio App. 194, 159 N. E. 858; *Giorgetti v. Woollaston,* 83 Cal. App. 358, 257 Pac. 109. But it is unnecessary to multiply authority.

Many of respondent's citations seem to be against him. A careful reading of *Holland v. Pence Automobile Co.,* 72 Mont. 500, 234 Pac. 284, shows no deviation from the rule: negligence *per se* was not involved. Neither was it in *Elder v. Plaza Ry.,* 194 N. C. 617, 140 S. E. 298. Evidently, counsel depend much upon the language of Justice Cardozo in *Martin v. Hertzog,* 228 N. Y. 164, 126 N. E. 814, 816, wherein he announced that the jury should have been told ''not only that the omission of the light was negligence, but that it was '*prima facie* evidence of contributory negligence'; i. e., that it was sufficient in itself unless its probative force was overcome.'' Standing alone, the proposition might seem opposed to the rule under discussion. However, it followed a *résumé* of the evidence from which the learned justice said a causal connection might be inferred between the collision and the lack of signals. ''If,'' said he, ''nothing else is shown to break the connection, we have a case, *prima facie* sufficient, of negligence contributing to the result.'' ''Con-

tributing to the result!'' That's the kernel of the whole matter. Unless negligence *per se* contributes to the result, it is not contributory negligence. Further quoting the noted jurist:

''We must be on our guard, however, against confusing the question of negligence with that of the causal connection between the negligence and the injury. A defendant who travels without lights is not to pay damages for his fault, unless the absence of lights is the cause of the disaster. A plaintiff who travels without them is not to forfeit the right to damages, unless the absence of lights is at least a contributing cause of the disaster. To say that conduct is negligence is not to say' that it is always contributory negligence. 'Proof of negligence in the air, so to speak, will not do.' ''

Is there anything in the evidence that conclusively fixes the absence of the buggy's tail-light as a contributing cause of the accident? Is it altogether within the realm of probability that, had there been a tail-light, respondent could and would have seen the buggy in time to avoid the collision? Notwithstanding that the bright lights of respondent's car were playing on appellants' buggy for about a quarter mile down the straight road he was traveling at from forty to fifty miles per hour, he did not see the car until he was within eighteen or a few more feet of it. While nearing the buggy, he had been confused by the lights of an approaching car and, as he said, had his attention ''centered'' upon the newcomer: the buggy at the time was in the light of both cars.

Respondent evidently did not see the buggy in time to avert the collision. Either he had been paying no attention along the road, was blinded by the approaching car or wholly unable to detect the buggy solely because of the absence of the tail-light. If, as a matter of fact, the buggy had been enveloped in light from the two cars, a tail-light might have been wholly invisible. Certainly, if invisible under the conditions, the presence or absence of a tail-light would have been equally immaterial. A jury might have concluded that the accident was directly due to a disturbance of re-

spondent's vision or his failure to watch whither he was speeding. In *Gleason v. Lowe, supra,* where a plaintiff testified he was somewhat blinded by the lights of an approaching car, the court held with no uncertain sound that it was for the jury to determine whether, under all the circumstances the absence of a tail-light on plaintiff's wagon was the proximate cause of the injury. We think the same rule should apply here.

The court erred in sustaining the objection to the question covered by the second specification. Whether or not his vision had been interfered with by the approaching lights was a matter peculiarly within respondent's own knowledge: no one else was qualified to speak for him. Such an one could rely only upon appearances which the wisdom of the race has declared are oft-times deceitful.

Judgment reversed and cause remanded for a new trial; costs to appellants.

Budge, Givens, Varian and Leeper, JJ., concur.