(No. 5974.   July 5, 1933.)

JAMES W. BURNS, Respondent, v. R. L. GETTY, Appellant.

[24 Pac. (2d) 31.]

Black & Baum, for Appellant.

Walter H. Anderson, for Respondent.

BUDGE, C. J.—Sam Van, vegetable peddler, was driving a one-horse wagon in a southerly direction on North Main Street in Pocatello, when one of appellant's employees in a Ford truck, attempting to pass the wagon, struck it. Mr. Van was thrown from the wagon, and the driverless horse, still pulling the wagon, ran south on Main Street. Plaintiff saw the horse and wagon at Center Street, which intersects Main, and made a futile attempt to stop the horse; pursued the horse, and thereafter jumped on the running-board of a truck (not the one which collided with Van's wagon), which later came up even with the horse, whereupon plaintiff seized the reins and bridle-bit, and either jumped or was pulled from the truck, hanging on to and running beside the horse for some 15 or 20 feet, when a broken shaft of the wagon which was flopping up and down, tripped him, causing him to throw more weight on the horse's head as a result of which the horse slipped and fell on plaintiff, injuring him, for which he sought and was awarded damages; hence this appeal.

Respondent moves to dismiss the appeal on the grounds that there is no appeal or *supersedeas* bond filed in this action other than by a real party in interest, in that the United States Fidelity & Guaranty Company is the insurer of defendant, and will have to pay any judgment against him, such motion being countered by one to strike it. The only showing that the United States Fidelity & Guaranty Company is a party in interest is by affidavit of plaintiff's counsel, which is denied by affidavit of defendant. While it is not necessary to object to a void, as distinguished from a defective, bond, under I. C. A., sec. 11–203, within 20 days, it may be noted that the motion in this court to dismiss is the first objection defendant has made to the bonds. The company was not a party to the action; the judgment runs against Getty alone; and there is nothing appearing in the record showing that the company is the real party in interest. There not being a sufficient showing, the motion to dismiss the appeal is denied.

■ Defendant first urges that the court erred in overruling defendant's demurrer to the complaint in that it failed to allege that plaintiff was free from contributory negligence. Under I. C. A., sec. 5–816, contributory negligence is a matter of defense, and it is not necessary for plaintiff to plead or prove the negative of contributory negligence. (*Goure v. Storey*, 17 Ida. 352, 105 Pac. 794.) The complaint alleged substantially as follows: That defendant's servant negligently operated the truck in several particulars, running into the wagon and causing the horse to run away on a main street of the city; that the horse was proceeding down the street at a rapid and dangerous rate of speed, and the wagon was swerving from side to side of said street; that the street was one of the principal thoroughfares of Pocatello, lined on both sides with shops and business establishments; that at said time there were numerous and divers persons along said street, both upon the sidewalk and in vehicles along the street; that the horse running away greatly endangered the safety of persons along and upon said street, both in vehicles and upon the sidewalk, and for the purpose of stopping the horse to avoid death or injury to such persons, plaintiff was impelled to, and did, attempt to stop said horse; that as a result of seizing the horse, plaintiff was badly injured, incurred medical and hospital bills, and was unable to attend to his job on the Oregon Short Line Railroad; that the agent or employee was acting within the scope of his employment; that plaintiff's injuries were proximately caused by the negligence of defendant's servant in colliding with the wagon and causing the horse to run away.

The complaint thus stated a cause of action (20 R. C. L. pp. 132, 133; 45 C. J. 966; *Bond v. Baltimore & O. R. Co.*, 82 W. Va. 557, 96 S. E. 932, 5 A. L. R. 201; *Devine v. Pfaelzer*, 277 Ill. 255, 115 N. E. 126, L. R. A. 1917C, 1080), where the court concedes the rule under facts similar to those herein, but states that in that case there was no evidence or any circumstances which would raise an inference that there was anyone on the road or in the slightest danger from the horse. Herein we find such evidence. See, also,

*Hollaran v. City of New York,* 168 App. Div. 469, 153 N. Y. Supp. 447, and *Manthey v. Rauenbuehler,* 71 App. Div. 173, 75 N. Y. Supp. 714, both cases involving runaway horses. This also disposes of assignment No. 5.

█ Reasonable minds might well differ as to whether plaintiff was contributorily negligent as charged in the answer, from the evidence herein, and therefore the motions for nonsuit and directed verdict were properly denied. (*Pipher v. Carpenter,* 51 Ida. 548, 7 Pac. (2d) 589; *Osier v. Consumers' Co.,* 41 Ida. 268, 239 Pac. 735; and see particularly *Hollaran v. City of New York* and *Manthey v. Rauenbuehler, supra.*)

Appellant's assignment No. 4 attacks the sufficiency of the evidence to support the judgment. We have carefully examined the evidence and are of the opinion that there is sufficient competent evidence to support the judgment and to overcome the particular objections urged by appellant.

█ By assignments 6 and 7 appellant makes the contention that the following evidence relating to damages and insurance was improperly admitted:

"Q. Have you (Sam Van) been paid damages for your wagon, have you been paid for the damages to your wagon?

" (Objection made and overruled.)

"A. Yes, sir.

"Q. Who paid you?

" (Objection made and overruled.)

"A. The insurance company."

It is urged that the testimony touching the matter of damages being paid to Sam Van was incompetent, irrelevant and immaterial and also highly prejudicial. Conceding, but not deciding, that the testimony was subject to the first objection, it is not of such a character as would constitute prejudicial error. The gist of the objection, however, lies in the fact that the witness testified that damage to his wagon was paid by "the insurance company." Whether it was paid by the insurance company carrying insurance on Van's wagon, or the insurance company carrying insurance on

Getty's truck, or any other insurance company does not appear from the record.

Following the testimony quoted above appellant moved to strike out the last answer and further objected to the conduct of counsel in bringing out the answer in that it had no place in the case and was brought out to prejudice the minds of the jury. The court granted the motion, whereupon appellant requested the court to instruct the jury to disregard such evidence. The trial court did not immediately so instruct the jury, which may have been the better practice, but did, in its general instructions, instruct the jury to disregard all testimony stricken out. The question to be determined, therefore, is whether or not the action of the court in admitting the above testimony and in striking out the answer and in his instruction directing the jury to disregard the same eliminated prejudicial error, if error was committed in the admission of said evidence. From the record we are not in a position to hold that the above testimony was sought to be introduced deliberately for the purpose of prejudicing the jury or in order to get before the jury the fact that appellant carried insurance. (See *Crossler v. Safeway Stores Inc.*, 51 Ida. 413, 6 Pac. (2d) 151, 80 A. L. R. 463; *International Co. v. Clark,* 147 Md. 34, 127 Atl. 647.) Had the witness answered that appellant had paid the damage, such answer would have been proper and admissible and we think it may be as reasonably inferred from the question that the witness would so answer as it would be to infer that the witness would answer as he did.

Furthermore, ownership of the truck was alleged in the complaint to have been in appellant, and was denied by the answer. As was held in *Vaughn v. William F. Davis & Sons,* (Mo. App.) 221 S. W. 782, 786, and cases therein cited:

"There was no error in admitting the evidence in relation to the policies of insurance on the truck. The purpose of the evidence was carefully limited and stated, and it was to throw light on whose truck it was."

While it is true that the witnesses Van and Keck testified to the ownership of the truck, it was not prejudicially erroneous for the appellant to offer additional proof on this point. We are not of the opinion that the case of *Citti v. Bava*, 204 Cal. 136, 266 Pac. 954 (see, also, (Cal. App.) 254 Pac. 299), relied on by appellant, is controlling. The facts are entirely different and the evidence offered went much further. However, in that case the court said:

"The evident purpose of counsel for the plaintiff was to prove the fact of the compromise and settlement with Aftergut by the insurance carrier of the defendant as an admission of liability on the part of the defendant and to get before the jury the fact that the defendant was indemnified by a policy of insurance. . . . . The evidence of the settlement, alone, not connected up with any act or admission of the defendant, and concerning which he had nothing to do, was clearly inadmissible in evidence. The error in admitting it might not in and of itself require a reversal, but, coupled with the avowed purpose and successful attempt of plaintiff's counsel to get before the jury, not only the fact of the settlement, but also that the settlement was made by the insurance carrier of the defendant, puts the case in a position where section 4½ of article 6 of the Constitution will not save the judgment."

In the instant case counsel for respondent did not offer evidence to prove that any statement was made to Van by the insurance carrier of the defendant for the purpose of showing an admission of liability on defendant's part. It does not appear from the record that respondent offered such evidence with an avowed purpose of getting such fact before the jury. After the witness answered that the damage to his wagon had been paid by "the insurance company" and the answer had been stricken out, respondent pursued the matter no further. It follows that there is no merit in assignments 6 and 7.

Error is urged in connection with the giving of the instruction complained of under assignment 8:

"You are instructed, Gentlemen of the jury, if you find from the evidence that the defendant through and by his agent, servant or employee, while operating the automobile truck in question, negligently collided with the wagon of Sam Van and thereby caused the horse of said Van to run away with the wagon mentioned in the evidence, on Main Street, in the City of Pocatello, Bannock County, Idaho, on or about April 2, 1932, *at a great rate of speed* with no one in charge of said horse and wagon, *in such a manner as to endanger the lives and property of persons on the street,* and if, because of such conduct on the part of the defendant by and through his agent, servant or employee, the plaintiff, while acting in a reasonable, prudent and careful manner, sustained injuries in an attempt to put an end to such danger by catching said horse, then the verdict must be for the plaintiff."

particularly the use of the italicized words. However, it was favorable to appellant in that the jury necessarily had to find that lives *and* property were in danger, and since there was evidence to that effect, and the authorities sustain the law as given in the instruction, it was not improper. (20 R. C. L. 133; 45 C. J. 968.) As to the phrase "at a great rate of speed," see *American Express Co. v. Terry,* 126 Md. 254, 94 Atl. 1026, Ann. Cas. 1917C, 650. It was favorable to appellant because the jury had to conclude that the horse was proceeding "at a great rate of speed" in order to hold defendant responsible. The last clause sufficiently fixed the time in the absence of a more explicit request. (*Crystal Dome Oil & Gas Co. v. Savic,* 51 Ida. 409, 6 Pac. (2d) 155.) This instruction should be considered in connection with other proper instructions given.

Appellant seeks to predicate error upon the giving of the following instruction:

"You are charged that the plaintiff cannot recover by proving negligence alone, but must, in addition prove such negligence to be the proximate cause of the injuries in question.

"The court instructs the jury that negligence may be the proximate cause of an injury of which it is not the sole or immediate cause. *If you find from the evidence that defendant was negligent in either particular alleged in the complaint, and that said negligence in that particular concurred with some other cause or causes in bringing about and causing plaintiff's injury,* the defendant's said negligence would be a proximate cause within the meaning of that term as used in these instructions."

The first paragraph of the instruction is correct. (45 C. J., sec. 485, p. 920, note 97.) The italicized portion of the instruction, without adding thereto "other than plaintiff's fault" or words of similar import, would leave with the jury the impression that plaintiff could recover in the face of the fact that the negligence which caused the injury was caused by reason of the contributory negligence of the plaintiff, in which case, if true, plaintiff could not recover. When this paragraph of the instruction is read and considered in the light of other instructions given, particularly:

"If, however, you find negligence as aforesaid on the part of the defendant and do not find contributory negligence on the part of the plaintiff then your verdict should be for the plaintiff."

and that the instructions should be considered and construed together and as a whole and should be so applied to the facts; and that each instruction should be read and understood with reference to and as a part of the entire charge and not as though each instruction was intended to present the whole law of the case on any particular point, the second paragraph of the instruction complained of was not prejudicially erroneous.

The giving of instruction specified in assignment 10, namely:

"In considering this case you should first concern yourselves with determining whether or not the defendant or his agent has been guilty of negligence which was the proximate cause of the injuries to the plaintiff and if you do not find the plaintiff has proven such negligence, by a preponderance

of the evidence, then you should find for the defendant without further consideration of the matter. If you find, however, the existence of such negligence as aforesaid on the part of the defendant, then you should turn to the consideration of defendant's affirmative defense of contributory negligence on the part of the plaintiff, and if you should find the defendant has proved by a preponderance of the evidence, contributory negligence as in these instructions defined, on the part of the plaintiff, then your verdict should be for the defendant. If, however, you find negligence as aforesaid on the part of the defendant and do not find contributory negligence on the part of the plaintiff, then your verdict should be for the plaintiff.''

and failure to give requested instruction No. 4 as follows:

''If you find from the whole of the evidence in this case that the plaintiff was not using due care and diligence at the time of the accident, and that such negligence on the part of the plaintiff resulted in or contributed to, or caused, the said injury, then plaintiff was guilty of contributory negligence, and you should find for the defendant.''

are complained of. While the instruction given is in part proper, that portion advising the jury that ''if you find the defendant has proved by a preponderance of the evidence contributory negligence, as in these instructions defined, on the part of plaintiff, then your verdict should be for defendant,'' should have included the thought that such is the rule except where plaintiff's own pleadings (*Goure v. Storey, supra*) or evidence (*Tendoy v. West.* 51 Ida. 679, 9 Pac. (2d) 1026), show that he is guilty of contributory negligence. The rule quoted with approval in *Tendoy v. West, supra,* is that—

'' 'Where contributory negligence appears from plaintiff's evidence the burden is not upon defendant. When, in a personal injury action, plaintiff's own case presents evidence which, if unexplained, would make out *prima facie* contributory negligence, on his part, there must be further evidence exculpating him, or he cannot recover. *However, it is only where plaintiff's own evidence raises a clear presumption of*

*contributory negligence that defendant does not have the burden of proof thereon.'"*
and further—

"When urged as a defense, the burden of establishing contributory negligence as the proximate cause never leaves the defendant, unless plaintiff, before resting, has relieved him by establishing it or supplying facts clearly presumptive of it."

*Bryant v. Hill,* 45 Ida. 662, 666, 264 Pac. 869, 870, would, at first glance, seem to justify the instruction given complained of, but the court conceded that "no doubt it is better in a case where any inference of plaintiff's contributory negligence can be drawn from the evidence adduced by plaintiff, to instruct the jury that the burden is upon the defendant to prove contributory negligence unless it appears from the evidence introduced by plaintiff."

However, the court based its decision in holding no error was committed on three grounds: first, that when considered in connection with other instructions, the jury was not misled; second, that appellant made no request for such instruction; third, that appellant had plead and introduced evidence of contributory negligence, and was in no position to complain. It seems clear from reading *Tendoy v. West, supra,* that the jury should have been advised as to the qualification. However, appellant's requested instruction No. 4, which contained such modification, did not fully advise the jury as to the applicable law (45 C. J., p. 1356, sec. 932), and in the absence of a proper request, appellant may not complain. (*McCoy v. Krengel,* 52 Ida. 626, 17 Pac. (2d) 547.)

Requested instructions Nos. 3 and 16 were properly refused, the applicable portions thereof having been given in another instruction.

We have examined all other requested instructions offered and refused, other than those discussed above, and find no reversible error in their refusal.

It may be noted that the court finds difficulty in designating the instructions for the reason that the tran-

script sets forth the instructions without numbering them. Instructions should be numbered. (*McShane v. Quillin,* 47 Ida. 542, 554, 277 Pac. 554.)

No prejudicial error appearing, the judgment is affirmed. Costs awarded to respondent.

Holden, J., concurs.

MORGAN, J., Concurring.—I concur in the conclusion reached, but do not believe it should be conceded that the testimony of Sam Van that he had been paid for damage done to his wagon is objectionable. The answer contains a general denial of the allegations of the complaint which placed in issue responsibility for the collision which caused the runaway, and resulted in respondent's injury. Payment of damage resulting from the collision, if made by appellant, would be in the nature of an admission that appellant's agent caused it, and is material.

The court properly struck out the answer containing the information that the insurance company had paid for the damage done to the wagon, because it was not shown the payment was made for appellant's benefit, nor with his acquiescence, and properly instructed the jury, at the close of the case, to disregard all evidence which had been stricken. The request was made by appellant's counsel that the court so instruct the jury at the time the answer was given and stricken, and on page 27 of their brief, commenting on this incident, said:

"If the court had instructed the jury to disregard the answer, it would not have cured the error and harm done by its being before them."

A litigant cannot be allowed to gamble on the result of an error committed of which he is fully aware. It was the duty of counsel for appellant to abide by the court's ruling in striking the answer, and instructing the jury to disregard it, or, if they believed that did not adequately protect their client, to move that the jury be discharged and a mistrial declared.

GIVENS, J., Concurring in Part and Dissenting in Part. I concur in the above opinion except as to assignments 6, 7 and 9, and the refusal to give requested instruction No. 5.

The rights of defendant were prejudiced by the admission of the evidence challenged under assignments 6 and 7. It was not shown that the insurance company which paid the damages had any connection with defendant whatever, and it was inadmissible as an admission of liability, and could only have been prejudicial and for that purpose, and though the answer was stricken to the second question, the jury were not instructed at that time to disregard it, and the fact that it was ordered stricken was not sufficient to erase its prejudicial effect. (*Citti v. Bava*, (Cal. App.) 254 Pac. 299, 204 Cal. 136, 266 Pac. 954.)

In *Curtis v. Ficken*, 52 Ida. 426, 16 Pac. (2d) 977, this court held that evidence of insurance is proper where such evidence was admitted to show bias or interest of a witness. Such was not the situation here. The Ficken case also cites instances in which evidence of insurance has been ·held improper.

The instruction complained of in assignment 9 and the refusal to give requested instruction No. 5 is assigned as error. The statement in the second paragraph of the instruction that "If you find from the evidence that defendant was negligent in either particular alleged in the complaint, and that said negligence in that particular concurred with some other cause or causes in bringing about and causing plaintiff's injury," should have contained after the word "causes" some phrase similar to "other than plaintiff's fault" (45 C. J., sec. 485, p. 920, note 98), since if it concurred with the contributory negligence of plaintiff (*Rippetoe v. Feely*, 20 Ida. 619, 637, 119 Pac. 465), plaintiff could not recover, and requested instruction No. 5[1] or its substance

---

[1] "You are instructed, Gentlemen of the jury, that the law contemplates that every person shall exercise ordinary care for his own protection against injury, and if he fails to exercise such care, and such failure, concurring and cooperating with the actionable negligence of defendant, contributes to the injury complained of, as proximate cause, he is guilty of contributory negligence and cannot recover."

was not sufficiently reflected in the instructions given. (*Rice v. City of Portland*, 141 Or. 205, 7 Pac. (2d) 989.)

Instructions must be responsive to the facts of the particular case. In point of sequence herein, if defendant was negligent in striking Van's wagon, and put in motion a dangerous agency which might cause injury, then if plaintiff without negligence on his part was injured, defendant would be liable to him in the absence of any other intervening negligence not his, which was not of itself the proximate cause. If there was no intervening cause, and none is here shown or suggested, then unless plaintiff was guilty of contributory negligence which might have been a proximate cause, defendant is liable. If there had been an intervening proximate cause for which plaintiff was not responsible, defendant would be liable. If he was responsible for it, it would seem, under the general rule, he could not recover, and that the instruction did not sufficiently make such distinction clear.

As to requested instruction No. 5, considering defendant's negligence in starting the runaway, continuing until the horse was stopped and all further danger ended so far as the runaway was concerned, then if defendant's negligence continued through, and was coexistent with, the running horse, if plaintiff acted under justifiable appearance and did not subject himself to greater risk than a reasonably prudent man would have been justified in doing under like circumstances, he was not guilty of contributory negligence; otherwise he was. The jury would have to weigh the relative questions; in other words, it is not so much whether plaintiff's negligence contributed, as whether his acts were negligent. If negligent, then under the facts here, they contributed. (19 Cal. Jur., Negligence, secs. 20, 72.)

Requested instruction No. 5 was proper on the question of contributory negligence, and should have been given. (*Rice v. City of Portland, supra;* 45 C. J., sec. 924, p. 1349; sec. 528, p. 972; sec. 932, p. 1356.)

I am authorized to say that Mr. Justice Wernette concurs in this opinion.